THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:15-cr-00081-MR-DLH

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | O R D E R |
| MARK SCHMIDT, | ) | |
| Defendant. | ) | |
| IN RE: PETITION OF PAUL SCHMIDT. | ) | |

**THIS MATTER** is before the Court on the Petition of Paul Schmidt [Doc. 28].

On September 28, 2015, the Court entered a Consent Order and Judgment of Forfeiture for the following property:

> Mak 90 Sporter 7.62 x 39 rifle, S/N 65863;
> Unknown brand 7.62 x 54R rifle with Banner brand scope, S/N 2236;
> Model 98 Mauser rifle, S/N 6573/9740;
> New England Westinghouse 1915 rifle, S/N 802929;
> Ishapore 92-1SHTLE III rifle, S/N 17702;
> Taurus 454 Casull Raging Bull handgun, S/N 6208;
> Hawk Industries Hawk 982 12 gauge shotgun, S/N 0043346;
> Norinco SKS 762 rifle, S/N 1707961;
> Mossberg Model 935 12 gauge shotgun, S/N AM069264;

Assorted rounds of ammunition

[Doc. 22]. Following entry of the Consent Order, on October 29, 2015, Petitioner Paul Schmidt, proceeding *pro se*, filed a Petition with this Court appearing to claim a legal interest in "all firearms and ammunition that was seized from my property at 519 Quail Hollow Dr. Marion NC." [Doc. 28].[1]

A petition filed by a third party claiming interest in property which has been ordered forfeited to the United States must "be signed by the petitioner under penalty of perjury." 21 U.S.C. § 853(n)(3). A notarized petition, which is not verified by the petitioner himself, is insufficient. See United States v. Speed Joyeros, S.A., 410 F.Supp.2d 121, 124 (E.D.N.Y. 2006). "Requiring the claimant to sign personally under penalty of perjury serves the government's legitimate interest in protecting forfeited assets." Id. A petitioner who fails to file a verified petition lacks standing to contest a forfeiture. United States v. Loria, No. 3:08cr233-2, 2009 WL 3103771, at *2 (W.D.N.C. Sep. 21, 2009) (citing United States v. $487,825,000 in U.S. Currency, 484 F.3d 662, 664-65 (3d Cir. 2007)).

In addition to being signed under penalty of perjury, a petition must set forth the following information: (1) "the nature and extent of the petitioner's

---

[1] Mr. Schmidt apparently sent a similar pleading to counsel for the Government, which the Government filed with the Court on December 3, 2015. [Doc. 27].

right, title, or interest" in each of the forfeited properties; (3) "the time and circumstances of the petitioner's acquisition of the right, title or interest" in each property; and (4) "any additional facts supporting the petitioner's claim, and the relief sought." See 21 U.S.C. § 853(n)(3).

The Court will allow Petitioner Schmidt thirty (30) days from the entry of this Order in which to file an amended petition which is signed under penalty of perjury and complies with the other requirements set forth above. If the Petitioner fails to file an amended petition within the time required, the Petition will be dismissed.

Accordingly, **IT IS, THEREFORE, ORDERED** that Paul Schmidt shall file an amended petition that complies with the requirements of this Order within thirty (30) days of the entry of this Order. **Petitioner is advised that failure to file an amended petition in the time required will result in the dismissal of his petition.**

The Clerk of Court is directed to provide copies of this Order to counsel for the Government and the *pro se* Petitioner Paul Schmidt.

**IT IS SO ORDERED**.

Signed: January 18, 2016

Martin Reidinger
United States District Judge